UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAINER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A. CALDERON, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:04-cv-05545-LJO-DLB (PC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, WITHOUT PREJUDICE; REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 24 & 39 ) |

I.　Order

　　A.　Procedural History

Plaintiff William Rainer, ("plaintiff") is currently a prisoner in Los Angeles County, at all times applicable herein was, and after discharge from the Los Angeles County jail, will once again become a state prisoner. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed April 5, 2004, against defendants Calderon, Sullivan, Woodley, Todd and Lopez ("defendants") for allegedly infringing upon plaintiff's First Amendment right to freedom of religion. On May 9, 2007, defendants filed a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). On December 6, 2007, plaintiff filed a motion for judgment on the pleadings, and to convert defendant's motion to dismiss to a motion for summary judgment. These motions have been deemed submitted. Local Rule 78-230(m).

B.     Legal Standard(s)

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); construe the pleading in the light most favorable to the party opposing the motion; and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

C.     Discussion – Motion to Dismiss

In his complaint, plaintiff alleges that after August 9, 2001, defendants substantially burdened plaintiff's ability to exercise his religion. This court initially found plaintiff's complaint sufficient to give rise to a claim for relief under section 1983 for burdening plaintiff's freedom to exercise his chosen religion.

Defendants now move for dismissal on the grounds that: (1) plaintiff has failed to name any specific defendants engaging in the acts he complains of; and (2) there is no real and immediate threat of future injury as plaintiff is no longer a CDCR inmate.

In support of their motion, defendants request that the Court take judicial notice of an entry on the court docket indicating plaintiff's change of address to a county jail in Los Angeles, California. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The Court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). Thus, the court takes judicial notice that on March 9, 2007, plaintiff filed a notice of change of address to 450 Bauchet Street, Los Angeles, CA 90012.

Defendants are entitled to dismissal of this action, without prejudice, and plaintiff should be granted leave to file an amended complaint. The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a), names the individual defendant actors, and sets forth as to each defendant, what action that defendant took or failed to take and why. In the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be applicable. Plaintiff should utilize the legal standards provided in this order for guidance when filing an amended complaint.

///

///

1. <u>Linkage Requirement</u>

As an initial matter, plaintiff has failed to link any of the named defendants with the specific conduct he alleges violated his rights under the First Amendment.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Plaintiff alleges specific conduct (i.e. that he was denied services to study and follow the life of his Prophet (Muhammad)...), but fails to indicate what actions any of the named defendants took to cause the alleged denial. Plaintiff alleges "The institutional (sic) Head Administrative have (sic) denied" him the right to practice and participate in his faith and that the action of "the Institutions Head" was arbitrary. This is insufficient to meet the linkage requirements. Plaintiff is cautioned that in his amended complaint, he must clearly identify what actions or omissions led to the violation of his rights and which defendants were responsible for the acts or omissions.

2. <u>Plaintiff's First Amendment Claim</u>

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof...."

4

1   U.S. Const., amend. I.  Prisoners "retain protections afforded by the First Amendment," including
2   the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400
3   (1987).  However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of
4   many privileges and rights, a retraction justified by the considerations underlying our penal
5   system.'"  Id. (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)).  "In
6   order to establish a free exercise violation, [a prisoner] must show the defendants burdened the
7   practice of his religion, by preventing him from engaging in conduct mandated by his faith,
8   without any justification reasonably related to legitimate penological interests."  Freeman v.
9   Arpaio,125 F.3d 732, 736 (9th Cir. 1997).  "In order to reach the level of a constitutional
10  violation, the interference with one's practice of religion 'must be more than an inconvenience;
11  the burden must be substantial and an interference with a tenet or belief that is central to religious
12  doctrine.'"  Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir.
13  1987)).
14          "To ensure that courts afford appropriate deference to prison officials, . . . prison
15  regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less
16  restrictive than that ordinarily applied to alleged infringements of fundamental constitutional
17  rights."  O'Lone, 382 U.S. at 349.  Under this standard, "when a prison regulation impinges on
18  inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate
19  penological interests."  Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987).  First, "there
20  must be a valid, rational connection between the prison regulation and the legitimate government
21  interest put forward to justify it," and "the governmental objective must itself be a legitimate and
22  neutral one."  Id.  A second consideration is "whether there are alternative means of exercising
23  the right that remains open to prison inmates."  Id. at 90 (internal quotations and citation
24  omitted).  A third consideration is "the impact accommodation of the asserted right will have on
25  guards and other inmates, and on the allocation of prison resources generally."  Id.  "Finally, the
26  absence of ready alternatives is evidence of the reasonableness of a prison regulation."  Id.
27          Plaintiff merely alleges that the "institutional (sic) Head Administrative" arbitrarily
28  denied services to study and follow the life of Muhammad and the strict tenants of Islam.

5

Plaintiff fails to state any facts in his complaint as to how such denial occurred, which defendants engaged in which acts, what, if any prison regulation was involved, whether any legitimate penological interests were related to the denial, and whether there were any alternative means for practicing his religion. Thus, plaintiff fails to state a claim for violation of his rights under the First Amendment.

### 3.     Supervisory Liability Claim

It appears plaintiff is attempting to allege liability based on the supervisorial activities of named defendants Warden A. Calderon, Chief Deputy Warden W.J. Sullivan, Associate Warden K. Todd, and Facility Captain A. Lopez.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). As to each defendant in a supervisorial position, plaintiff must allege facts giving rise to a claim for relief under section 1983.

### 4.     Damages Sought

Defendants argue that plaintiff's claim for declaratory relief must fail as plaintiff is no longer incarcerated and alleges no real and immediate threat of future harm.

Plaintiff requests declaratory relief, compensatory and punitive damages.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights would then be unnecessary.

A declaratory judgment may only issue if there exists "a case of actual controversy" before the court. 28 U.S.C. § 2201(a); Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981). "A case or controversy exists justifying declaratory relief only when 'the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (quoting Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 122 (1974)). Plaintiff's transfer from California Correctional Institution – Tehachapi, California, rendered any claim for declaratory relief moot. Therefore, defendants' motion to dismiss plaintiff claim for declaratory relief should be granted.

D.    Class Action Status

Plaintiff appears to allege that this case is based on "a class action appeal." At various times in his statement of facts, plaintiff's allegations are made in plural form. However, plaintiff, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as

required by Fed. R. Civ. P. 23(a)(4).  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

E. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

(1) defendants' motion to dismiss be granted without prejudice for plaintiff's failure to state a claim upon which relief may be granted; and

(2) plaintiff be granted leave to file an amended complaint within **thirty (30) days** after being served with the order, signed by the United States District Judge assigned to the case, adopting this Finding and Recommendation;

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 24, 2008**          /s/ **Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE