# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAINER,<br><br>                    Plaintiff,<br><br>        v.<br><br>A. CALDERON, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:04-cv-05545-LJO-DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS and TO CONVERT DEFENDANTS' MOTION TO A MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 39 ) |

I.  <u>Order</u>

   A.   <u>Procedural History</u>

Plaintiff William Rainer, ("plaintiff") is currently a prisoner in Los Angeles County, at all times applicable herein was, and after discharge from the Los Angeles County jail, apparently will once again become a state prisoner. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed April 5, 2004, against defendants Calderon, Sullivan, Woodley, Todd and Lopez ("defendants") for allegedly infringing upon plaintiff's First Amendment right to freedom of religion. On May 9, 2007, defendants filed a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). On December 6, 2007, plaintiff filed a motion for judgment on the pleadings, and to convert defendants' motion to dismiss to a motion for summary judgment. These motions have been deemed submitted. Local Rule 78-230(m).

B.   Motion for Judgment on the Pleadings

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."  FRCP 12(c).

The pleadings in this case are not closed.  Thus, plaintiff's motion for judgment on the pleadings is premature.

C.   Converting Defendants Motion to Dismiss to a Motion for Summary Judgment

Plaintiff also moved to convert defendants' motion to dismiss to a motion for summary judgment – arguing that defendants went outside the pleadings by discussing injunctive (rather than declaratory) relief in their motion to dismiss.

However, the only item outside the pleadings raised in defendants' motion to dismiss was the docket entry as to plaintiff's change of address.  Facts subject to judicial notice may be considered on a motion to dismiss.  Mullins v. United States Bank. Ct. 828 F.2d 1385 (9th Cir. 1987) citing Mack v. South Bay Beer Distrib., Inc. 798 F.2d 1279, 1282 (9th Cir. 1986) overruled on other grounds.  The Court may take judicial notice of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).  The docket entry is a proper item for judicial notice.  Therefore, defendants did not go outside the pleadings in their motion to dismiss such that plaintiff's motion to convert it to a motion for summary judgment should be denied.

D.   Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

(1)   plaintiff's motion for judgment on the pleading be denied as premature; and

(2)   plaintiff's motion to convert defendants motion to dismiss to a motion for summary judgment be denied.

IT IS SO ORDERED.

Dated:   **January 24, 2008**              /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE

2